STATE EX REL. BYERS *v.* SCHOOL CITY OF
EVANSVILLE ET AL.

[No. 27,577.   Filed   December   9,   1941.]

*Ollie C. Reeves* and *Benjamin F. Zieg,* both of Evansville, for appellant.

*Edward E. Meyer,* of Evansville, for appellees.

FANSLER, J.—The relator is a tenure school teacher. His contract was canceled after a hearing by the school board upon charges of insubordination and immorality.

After notice and hearing, under § 28-4308, Burns' 1933, § 6004, Baldwin's 1934, he began this action in the court below to mandate the school officers to reinstate him under· chapter 155 of the Acts of 1939 (Acts 1939, § 3, p. 730), § 28-4312c, Burns' 1933, (Supp.), § 6008-3, Baldwin's Supp., 1939, which provides that upon the unlawful refusal of the school corporation to retain a permanent teacher, or upon its attempt to discharge him or cancel his contract, except as provided by law, an action in mandate will lie to restore him to his rights. There was a trial and judgment for the defendants. ,

Upon this appeal nothing is presented except the question of the sufficiency of the evidence to sustain the judgment. That there was evidence of immorality at the hearing before the school board is not denied, but appellant argues that the evidence was too remote; that incompetent evidence was admitted; and that some of the witnesses who testified to acts of immorality were untrustworthy. This last contention, of course, goes to the weight of the evidence.

The evidence which appellant contends is too remote is to the effect that at various periods, extending back as far as five or six years, at a time when he was principal of a school in the school city, he was guilty of acts of immorality, which need not be described, but which were of such a character as to not only justify, but require his dismissal.

It is well settled that the admission before a ministerial board of evidence which would have been incompetent in court will not justify setting aside the action of the board where there is substantial evidence justifying the board's action. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E.

(2d) 399; *School City of Peru et al.* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. (2d) 176, 1002, 9 N. E. (2d) 80, and cases cited. The proceeding before the school board conformed to the statutory requirement. There was substantial evidence to sustain its action. It cannot be said upon the record that the relator was denied a fair hearing.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 934.